## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

-----------------------------------------------------------

| | | |
|---|---|---|
| **JUAN JORDAN, CHERI UHRINEK and** | ) | |
| **JACK MINNIG,** individually and on behalf | ) | **CASE NO. _____** |
| of all others similarly situated, | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **CLASS / COLLECTIVE ACTION** |
| | ) | |
| **MERIDIAN BANK, THOMAS CAMPBELL** | ) | |
| and **CHRISTOPHER ANNAS,** | ) | **JURY TRIAL DEMANDED** |
| **Defendants.** | ) | |

-----------------------------------------------------------

### COLLECTIVE / CLASS ACTION COMPLAINT

Juan Jordan, Cheri Uhrinek and Jack Minnig ("Plaintiffs"), by and through their undersigned counsel, hereby make the following allegations against Meridian Bank, Thomas Campbell and Christopher Annas ("Defendants") concerning their acts and status upon actual knowledge and concerning all other matters upon information, belief and the investigation of their counsel:

### NATURE OF ACTION

1.  Plaintiffs bring this action to redress Defendants' violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the New Jersey Wage and Hour Law, N.J.S.A. 34:12-56a *et seq.* and N.J.A.C. 12:56-5.1 *et seq.* ("NJWHL"), and the Pennsylvania Minimum Wage Act of 1968, 43 P.S. §§ 333.101, *et seq.* ("PMWA"), by knowingly misclassifying their inside sales Loan Officers as exempt employees and failing to pay them required minimum and overtime wages. Plaintiffs bring their FLSA claims as a collective action under 29 U.S.C. § 216(b). Plaintiff Jordan brings NJWHL claims as a state-wide class action under Fed. R. Civ. P. 23(b)(3). Plaintiffs Uhrinek and Minnig bring PMWA claims as a state-wide class action under Fed. R. Civ. P. 23(b)(3).

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over Plaintiffs' FLSA claim pursuant to 29 U.S.C. §216(b), 28 U.S.C. §1331 (federal question jurisdiction) and 28 U.S.C. §1332(a)(1), because the matter in controversy in this civil action exceeds $75,000.00 exclusive of interest and costs and because the Parties are residents of different states.

3.     This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction), because these claims arise from the same occurrence or transaction and are so related to Plaintiffs' FLSA claim as to form part of the same case or controversy.

4.     Venue is proper in this District pursuant to 28 U.S.C. §1391(b), because Defendants' Corporate Headquarters is located in Malvern, Pennsylvania, their principal mortgage banking office is located in Plymouth Meeting, Pennsylvania, Defendants have significant business contacts within this District, acts and omissions giving rise to Plaintiffs' claims occurred within this District and Defendants have selected this forum as the one in which claims must be brought.

## PARTIES

5.     Plaintiff Jordan is an adult citizen of the State of New Jersey who Defendants employed as an inside sales Loan Officer in Northfield, New Jersey during the relevant period. Throughout this period, Plaintiff Jordan's primary job responsibility was to sell residential mortgage loans to borrowers from inside Defendants' offices.  To meet Defendants' productivity requirements, Plaintiff Jordan routinely worked more than 40 hours per week.  However, Defendants classified Plaintiff Jordan as exempt from federal and state overtime requirements and paid him on a commission only basis, which did not include overtime wages for hours worked

beyond 40 in a week and also resulted in payment below minimum wage in certain workweeks. Plaintiff Jordan's consent to join this ligiation is attached as Exhibit A.

6. Plaintiff Uhrinek is an adult citizen of the State of Pennsylvania who Defendants employed as an inside sales Loan Officer in Mechanicsburg, Pennsylvannia during the relevant period. Throughout this period, Plaintiff Uhrinek's primary job responsibility was to sell residential mortgage loans to borrowers from inside Defendants' offices or her home office. To meet Defendants' productivity requirements, Plaintiff Uhrinek routinely worked more than 40 hours per week. However, Defendants classified Plaintiff Uhrinek as exempt from federal and state overtime requirements and paid her on a commission only basis, which did not include overtime wages for hours worked beyond 40 in a week and also resulted in payment below minimum wage in certain workweeks. Plaintiff Uhrinek's Consent Form to join this litigation is attached as Exhbit B.

7. Plaintiff Minnig is an adult citizen of the State of Pennsylvania who Defendants employed as an inside sales Loan Officer in Plymouth Meeting, Pennsylvannia during the relevant period. Throughout this period, Plaintiff Minnig's primary job responsibility was to sell residential mortgage loans to borrowers from inside Defendants' offices or his home office. To meet Defendants' productivity requirements, Plaintiff Minnig routinely worked more than 40 hours per week. However, Defendants classified Plaintiff Minnig as exempt from federal and state overtime requirements and paid him on a commission only basis, which did not include overtime wages for hours worked beyond 40 in a week and also resulted in payment below minimum wage in certain workweeks. Plaintiff Minnig's Consent Form to join this litigation is attached as Exhibit C.

8. Defendant Meridian Bank provides mortgage banking services to consumers in Pennsylvania and New Jersey from a Corporate Headquarters in Malvern, Pennsylvania and

maintains a principal place of business for mortgage services in Plymouth Meeting, Pennsylvania. At all relevant times, Defendant Meridian Bank has been an "employer" as defined under the FLSA, as well as the state wage laws of Pennsylvania and New Jersey.

9. At all relevant times, Defendant Thomas Campbell ("Campbell") was Meridian Bank's Vice President of Residential Lending. At all times relevant, Campbell exercised operational control over Meridian Bank, controlled significant business functions of Meridian Bank, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Meridian Bank in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees. As such, at all relevant times, Campbell was an "employer" as defined by the FLSA as well as the state wage laws of Pennsylvania and New Jersey.

10. At all relevant times, Defendant Christopher Annas ("Annas") was Meridian Bank's President. At all times relevant, Annas exercised operational control over Meridian Bank, controlled significant business functions of Meridian Bank, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Meridian Bank in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees. As such, at all relevant times, Campbell was an "employer" as defined by the FLSA as well as the state wage laws of Pennsylvania and New Jersey.

## **MATERIAL FACTS**

11. Pursuant to Defendants' common company-wide policies and procedures, all inside sales Loan Officers Defendants employed during the relevant period had the same primary job duty: to sell residential mortgage loans from inside an office. They were, in essence mortgage salespeople.

4

12.     Plaintiffs and the Collective / Class members were not primarily responsible for performing work directly related to the management or Defendants' general business operations, were not primarily responsible for the exercise of discretion and independent judgment with respect to matters of significance to Defendants' business operations and regularly and customarily performed their primary duty from inside an office.

13.     Throughout the relevant period, Defendants unilaterally dictated and controlled the terms of Plaintiffs' and the Collective / Class members' employment, including the nature of their work, the wages they received and their classification as employees exempt from federal and state overtime requirements.

14.     Throughout the relevant period, Defendants also unilaterally dictated and controlled the common policies governing the Plaintiffs' and the Collective / Class members' employment, including their productivity requirements, how their wages were calculated and how their hours were tracked.

15.     Pursuant to Defendants' common policies, Defendants knowingly suffered or permitted Plaintiffs and the Collective / Class members to arrive early for work, stay late at work and perform work-related tasks on weekends.  As a result, Plaintiffs and the Collective / Class members worked over 40 hours in given workweeks.

16.     Defendants did not make or maintain accurate, contemporaneous records of the actual time worked by Plaintiffs and the Collective / Class members.

17.     Pursuant to Defendants' common policies, Plaintiffs and the Collective / Class members did not receive a weekly guaranteed salary of at least $455.00.  Instead, Defendants paid Plaintiffs and the Collective / Class members on a commission-only basis, which did not include overtime wages for time worked beyond 40 hours in any given workweek.

18.     Under Defendants' common policies, Plaintiffs and the Collective / Class members also routinely worked hours for which they did not receive the applicable minimum wage.

## FLSA COLLECTIVE ACTION ALLEGATIONS

19.     Plaintiffs bring this collective action for themselves and all others similarly situated pursuant to 29 U.S.C. §216(b) to recover unpaid overtime compensation, liquidated damages and other relief related to Defendants' violation of the FLSA.

20.     Plaintiffs bring this suit as a collective action pursuant to 29 U.S.C  §216(b) on behalf of themselves and the following FLSA Collective:

> All individuals who worked as inside sales Loan Officers for Defendants, their subsidiaries, or affiliated companies at any time during the maximum limitations period who worked more than 40 hours in any given workweek without receiving all overtime compensation required by federal law or wages over the required minimum level for every hour worked.

Plaintiffs believe the FLSA Collective will include individuals who have lived andworked for Defendants in Pennsylvania and New Jersey.  Plaintiffs reserve the right to amend their proposed FLSA Collective definition as necessary.

21.     Plaintiffs are members of the FLSA Collective defined above, because they were employed by Defendants as inside sales Loan Officers during the relevant period and regularly worked hours for which they were not paid minimum wages and worked more than 40 hours in given workweeks without receiving any compensation for their overtime hours.

22.     Although Plaintiffs and the FLSA Collective members may have worked in different offices, this action may be properly maintained on a collective basis because:

> a.     Defendants employed all of the FLSA Collective members;
>
> b.     All of the FLSA Collective members had the same or similar job duties, including the same primary job duty;

6

  c. None of the FLSA Collective members were primarily responsible for performing work directly related to the management or general business operations of Defendants or their customers;

  d. All of the FLSA Collective members performed their mortgage sales duties from inside an office.

  e. None of the FLSA Collective members were primarily responsible for the exercise of discretion and independent judgment with respect to matters of significance to Defendants' business operations;

  f. Defendants classified all of the FLSA Collective members as exempt from federal overtime requirements;

  g. Plaintiffs and the FLSA Collective members worked more than 40 hours in given workweeks;

  h. Defendants did not make or maintain accurate contemporaneous records of the hours Plaintiffs and the FLSA Collective members worked;

  i. Defendants did not pay Plaintiffs and the FLSA Collective members any overtime wages for minimum wages or for the hours they worked beyond 40 in any given workweek;

  j. Defendants maintained common timekeeping systems and policies with respect to Plaintiffs and the FLSA Collective members;

  k. Defendants maintained common payroll systems and policies with respect to Plaintiffs and the FLSA Collective members; and

  l. Defendants' labor relations and human resources systems were centrally-organized and controlled, and shared a common management team that controlled the policies at issue here.

23. Plaintiffs and other members of the FLSA Class are similarly situated because, *inter alia*, they all had similar duties, including the same primary duty; performed similar tasks; been subjected to the same requirements under the FLSA to be paid overtime wages unless properly exempted thereunder; been subjected to similar pay plans; been required to work and have worked in excess of forty (40) hours per week; and have not been paid overtime premium wages for all overtime hours they worked.

24.     Defendants encouraged, permitted, and required Plaintiffs and other members of the FLSA Class to work more than 40 hours per week without overtime compensation.

25.     Defendants encouraged, permitted, and required Plaintiffs and other members of the FLSA Class to work hours for which they were not paid minimum wages.

26.     Defendants knew that Plaintiffs and other members of the FLSA Class performed work that required compensation for minimum wages and/or overtime.  Nonetheless, Defendants operated under a scheme to deprive Plaintiffs and other members of the FLSA Class of minimum wages, overtime, or both by failing to properly compensate them for all time worked.

27.     Defendants' conduct, as alleged herein, has been willful and has caused significant damage to Plaintiffs and other members of the FLSA Class.

## STATE-LAW CLASS ACTION ALLEGATIONS

28.     Plaintiff Juan Jordan brings this action as a class action, pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of himself and the following New Jersey Sub-Class:

> All individuals who worked as inside sales Loan Officers for Defendants, their subsidiaries, or affiliated companies in the state of New Jersey at any time during the maximum limitations period who worked more than 40 hours in any given workweek without receiving all overtime compensation required by federal law or wages over the required minimum level for every hour worked.

(hereafter "the New Jersey Class")

29.     Plaintiffs Cheri Uhrinek and Jack Minnig bring this action as a class action, pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of themselves and the following Pennsylvania Sub-Class:

> All individuals who worked as inside sales Loan Officers for Defendants, their subsidiaries, or affiliated companies in the Commonwealth of Pennsylvania at any time during the maximum limitations period who worked more than 40 hours in any given workweek without receiving all overtime compensation required by

8

federal law or wages over the required minimum level for every hour worked.

(hereafter "the Pennsylvania Class")

30.     The respective Named Plaintiff for each state law Sub-Class reserves the right to amend the above Sub-Class definitions as necessary.

31.     Plaintiff Jordan is a member of the New Jersey Class he seeks to represent because he is a resident of New Jersey, worked as a Loan Officer for Defendants in New Jersey during the relevant period, regularly worked more than 40 hours in given workweeks without receiving any overtime compensation and did not receive wages over the minimum level required by New Jersey law for every hour he worked.

32.     Plaintiffs Cheri Uhrinek and Jack Minnig are members of the Pennsylvania Class they seek to represent because they are residents of Pennsylvania, worked as Loan Officers for Defendants in Pennsylvania during the relevant period, regularly worked more than 40 hours in given workweeks without receiving any overtime compensation and did not receive wages over the minimum level required by Pennsylvania law for every hour they worked.

33.     The members of each Sub-Class are so numerous that their joinder would be impracticable.  Over the relevant period, Defendants employed at least 40 members of each of the New Jersey and Pennsylvania Classes.

34.     There are material questions of law or fact common to the members of each Sub-Class because, as set forth throughout this filing, Defendants engaged in a common course of conduct that violated their right to minimum and overtime pay.  Any individual questions that may arise will be far less central to this litigation than the numerous common questions of law and fact, including:

a.      Whether Defendants conducted any audit or other analysis of the Class members' duties before classifying them as exempt;

b.      Whether the Class members' duties support their exempt status;

c.      Whether the Class members are entitled to receive overtime premium wages for working more than 40 hours in a week;

d.      Whether the Class members worked more than 40 hours in given workweeks;

e.      Whether Defendant maintained accurate contemporaneous records of the time worked by the Class members;

f.      Whether the Class members have suffered damages, and the proper measure of those damages; and

g.      Whether Defendant's failure to pay minimum wages and/or overtime compensation to the Class members was willful.

35.    The claims of the respective Named Plaintiff for each state law Sub-Class are typical of the claims belonging to the members of each respective Sub-Class.  Each Named Plaintiff is similarly-situated to the members of their respective Sub-Classes because Defendants treated all members as exempt from state overtime requirements, subjected them to similar work and compensation policies, and denied them minimum and overtime premium wages as required by the state law of each of their respective states.

36.    The respective Named Plaintiff for each state law Sub-Class will fairly and adequately assert and protect the interests of the absent members of each Sub-Class because: there is no apparent conflict of interest between the respective Named Plaintiff and the absent members of each Sub-Class; Counsel for Named Plaintiffs have successfully prosecuted many complex Class actions, including state-law wage and hour class actions and will adequately prosecute these claims; and Named Plaintiffs have adequate financial resources to assure the interests of the New Jersey Sub-Class members will not be harmed because their counsel have agreed to advance the

costs and expenses of this litigation contingent upon the outcome of this litigation consistent with the applicable rules of professional conduct.

37.     Allowing the members of the Sub-Classes as defined above to pursue their claims as class actions will provide a fair and efficient method for adjudication of the issues presented by this controversy because issues common to all members of each Sub-Class (including the propriety of Defendants' classification of the members of each Sub-Class as overtime exempt) predominate over any questions affecting only individual members; no difficulties are likely to be encountered in the management of this litigation; and the claims addressed in this Complaint are not too small to justify the expenses of class-wide litigation, nor are they likely to be so substantial as to require the litigation of individual claims

38.     Given the material similarity of claims belonging to members of each Sub-Class, even if the members of each Sub-Class could afford to litigate a separate claim, this Court should not countenance or require the filing of hundreds of identical actions.  Individual litigation of the legal and factual issues raised by Defendants' conduct would cause unavoidable delay, a significant duplication of efforts, and an extreme waste of resources.  Alternatively, proceeding by way of a class action will permit the efficient supervision of these claims, give rise to significant economies of scale for the Court and the Parties and result in a binding, uniform adjudication on all issues.

39.     Allowing the members of the Sub-Classes as defined above to pursue their claims as class actions is also appropriate because the state laws at issue expressly permit private civil lawsuits to recover unpaid overtime wages and other relief.

## COUNT I
## Violation of the FLSA
## Failure to Pay Required Minimum Wages
## <u>(For A Multi-State FLSA Collective)</u>

40.     Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

41.     Throughout the relevant period, Plaintiffs and the FLSA Collective members were "engaged in commerce or engaged in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce" and, so, were entitled to the to the minimum wage protections of the FLSA.  *See* 29 U.S.C. §§ 202, 206.

42.     FLSA Section 206(a)(1)(C) states that an employee must be paid a minimum wage of at least $7.25 per hour for every hour worked.

43.     As alleged herein, Defendants violated this provision of the FLSA through common, company-wide policies that caused Plaintiffs and the FLSA Collective members to be paid on a commission-only basis.

44.     Under these common policies, if Plaintiffs and the FLSA Collective members did not sell a new mortgage in a given period, which happened regularly, Defendants did not pay them any wages for that period, giving rise to a clear minimum wage violation.

45.     Defendants also violated the FLSA by failing to keep accurate contemporaneous records of all hours Plaintiffs and the FLSA Collective members worked.

46.     By engaging in the conduct alleged herein, Defendants have acted willfully and/or with reckless disregard for the FLSA Collective members' rights under the FLSA.

47.     FLSA Section 213, exempts certain categories of employees from the overtime pay requirements of Section 207(a)(1).  None of these exemptions apply to Plaintiffs and the FLSA Collective members because, *inter alia*, they were not paid a guaranteed salary of at least $455.00

a week, they were subject to pay deductions that remove these exemptions and do not otherwise meet the requirements for exempt status.

48.     Plaintiff and the FLSA Collective members have been harmed as a direct and proximate result of Defendants' unlawful conduct, because they have been deprived of wages above the required minimum level in certain weeks from which Defendants derived a direct and substantial benefit.

WHEREFORE, Plaintiffs respectfully prays for an Order:

a.      Granting conditional certification to Plaintiffs' FLSA minimum wage claim;

b.      Appointing David J. Cohen, James B. Zouras and Andrew C. Ficzko of Stephan Zouras, LLP, Erik Langeland of Erik H. Langeland, P.C. and Jon Tostrud of Tostrud Law Group, P.C. as FLSA Collective Counsel;

c.      Requiring Defendants to provide FLSA Collective Counsel with a list of the names, addresses, phone numbers and e-mail addresses of all FLSA Collective members;

d.      Authorizing FLSA Collective Counsel to issue an approved form of notice informing the FLSA Collective members of the nature of the action and their right to join this lawsuit;

e.      Finding that Defendants willfully violated the FLSA by failing to pay required minimum wages to Plaintiffs and the FLSA Collective members;

f.      Granting judgment in favor of Plaintiffs and the FLSA Collective members on their FLSA minimum wage claim;

g.      Awarding Plaintiffs and the FLSA Collective members all compensatory damages owed under the FLSA;

h.      Awarding liquidated damages to Plaintiffs and the FLSA Collective members equal to their compensatory damages;

i.      Awarding reasonable attorney's fees and costs to Plaintiffs;

j.      Declaring that Defendants willfully violated the FLSA as set forth above and granting an injunction prohibiting Defendants from continuing to violate the FLSA on this basis; and,

k.    Awarding any further relief the Court deems just, equitable and proper.

**COUNT II**
**Violation of the FLSA**
**Failure to Pay Required Overtime Wages**
**(For A Multi-State FLSA Collective)**

49.    Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

50.    FLSA Section 207(a)(1) states that an employee must be paid an overtime rate, equal to at least 1½ times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week.

51.    As alleged herein, Defendants violated this provision of the FLSA through common, company-wide policies that improperly classified Plaintiffs and the FLSA Collective members as exempt from federal overtime requirements.

52.    Under these common policies, although Plaintiffs and the FLSA Collective members regularly worked more than 40 hours per week, Defendants did not pay them any overtime premium wages for any of their hours beyond 40, giving rise to a clear overtime violation.

53.    Defendants also violated the FLSA by failing to keep accurate contemporaneous records of all overtime hours Plaintiffs and the FLSA Collective members worked.

54.    By engaging in the conduct alleged herein, Defendants have acted willfully and/or with reckless disregard for the FLSA Collective members' rights under the FLSA.

55.    FLSA Section 213, exempts certain categories of employees from the overtime pay requirements of Section 207(a)(1).  None of these exemptions apply to Plaintiffs and the FLSA Collective members because, *inter alia*, they were not paid a guaranteed salary of at least $455.00

a week, they were subject to pay deductions that remove these exemptions and do not otherwise meet the requirements for exempt status.

56.     Plaintiff and the FLSA Collective members have been harmed as a direct and proximate result of Defendants' unlawful conduct, because they have been deprived of overtime premium wages owed for overtime work they performed from which Defendants derived a direct and substantial benefit.

WHEREFORE, Plaintiffs respectfully prays for an Order:

a.     Granting conditional certification to Plaintiffs' FLSA overtime claim;

b.     Appointing David J. Cohen, James B. Zouras and Andrew C. Ficzko of Stephan Zouras, LLP, Erik Langeland of Erik H. Langeland, P.C. and Jon Tostrud of Tostrud Law Group, P.C. as FLSA Collective Counsel;

c.     Requiring Defendants to provide FLSA Collective Counsel with a list of the names, addresses, phone numbers and e-mail addresses of all FLSA Collective members;

d.     Authorizing FLSA Collective Counsel to issue an approved form of notice informing the FLSA Collective members of the nature of the action and their right to join this lawsuit;

e.     Finding that Defendants willfully violated the FLSA by failing to pay all required overtime premium wages to Plaintiffs and the FLSA Collective members;

f.     Granting judgment in favor of Plaintiffs and the FLSA Collective members on their FLSA overtime claim;

g.     Awarding Plaintiffs and the FLSA Collective members all compensatory damages owed under the FLSA;

h.     Awarding liquidated damages to Plaintiffs and the FLSA Collective members equal to their compensatory damages;

i.     Awarding reasonable attorney's fees and costs to Plaintiffs;

j.     Declaring that Defendants willfully violated the FLSA as set forth above and granting an injunction prohibiting Defendants from continuing to violate the FLSA on this basis; and,

k.      Awarding any further relief the Court deems just, equitable and proper.

**COUNT III**
**Violation of N.J.S.A. 34:11-56a and N.J.A.C. 12:56-6.1**
**Failure to Pay Minimum and Overtime Wages**
**(For New Jersey Class Members Only)**

57.     Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

58.     Defendants are "employers" as defined by N.J.S.A 34:11-56(a)(1)(g).

59.     Plaintiff Jordan and the New Jersey Class Members are "employees" as defined by N.J.S.A 34:11-56(a)(1)(h).

60.     The minimum and overtime wages sought by this claim are "wages" as defined by N.J.S.A 34:11-56(a)(1)(d).

61.     Throughout the relevant period, Defendants have been subject to the New Jersey Wage and Hour Act and the enabling Regulations noted here.

62.     The New Jersey Wage and Hour Act provides that: "Every employer shall pay to each of his employees [*sic*] wages at a rate of not less than…$7.15 per hour for 40 hours of working time in any week...."  *See* N.J.S.A 34:11-56(a)(4).

63.     The New Jersey Wage and Hour Regulations further provide that: employees shall receive the minimum hourly wage rate set by section 6(a)(1) of the Federal "Fair Labor Standards Act or the rate provided under N.J.S.A. 34:11-56A4, whichever is greatest.  *See* N.J.A.C. 12:56-3.1.

64.     The New Jersey Wage and Hour Act also provides that: "Every employer shall pay to each of his employees [*sic*] wages at a rate of not less than 1½ times such employee's regular hourly wage for each hour of working time in excess of 40 hours in any week...."  *See* N.J.S.A

34:11-56(a)(4).

65.     As alleged herein, Defendants violated the New Jersey Wage and Hour Act and its enabling Regulations through common, company-wide policies that caused Plaintiff Jordan and the New Jersey Class members to be improperly paid less than the required minimum wage for certain hours they worked.

66.     As alleged herein, Defendants also violated the New Jersey Wage and Hour Act and its enabling Regulations through common, company-wide policies that caused Plaintiff Jordan and the New Jersey Class members to be improperly denied required overtime premium wages for overtime hours they actually worked.

67.     As alleged herein, Defendants also violated the New Jersey Wage and Hour Act by failing to keep accurate contemporaneous records of all hours Plaintiff Jordan and the New Jersey Class members worked.  *See* N.J.S.A 34:11-56(a)(20).

68.     Throughout the relevant period, Plaintiff Jordan and the New Jersey Class members have been entitled to the protections provided by New Jersey Wage and Hour Act and its enabling Regulations, and have not been exempt from these protections for any reason.

69.     Specifically, Plaintiff Jordan and the New Jersey Class members do not meet any of the exemptions for bona fide executive, administrative, or professional employees found in N.J.S.A 34:11-56(a)(4) because, *inter alia*, they were not paid a guaranteed salary of at least $455.00 each week, they were subject to pay deductions that remove these exemptions and they do not otherwise meet the requirements for exempt status.

70.     By engaging in the conduct alleged herein, Defendants have acted willfully and/or with reckless disregard for the New Jersey Class members' rights under New Jersey Law.

71.     N.J.S.A 34:11-56(a)(25) expressly allows a private plaintiff to bring a civil action to enforce an employers' failure to comply with the requirements of the Act.

72.     N.J.S.A 34:11-56(a)(25) expressly provides that an agreement between the employer and employee to work for less than the wages required by the Act is not a defense to an action seeking to recover those unpaid wages.

WHEREFORE, Plaintiffs respectfully pray for an Order:

a.     Granting class certification to Plaintiff Jordan's claim under the New Jersey Wage and Hour Law and its enabling Regulations;

b.     Approving Plaintiff Jordan as an adequate Class representative;

c.     Appointing David J. Cohen, James B. Zouras and Andrew C. Ficzko of Stephan Zouras, LLP, Erik Langeland of Erik H. Langeland, P.C. and Jon Tostrud of Tostrud Law Group, P.C. as New Jersey Class Counsel;

d.     Requiring Defendants to provide New Jersey Class Counsel with a list of the names, addresses, phone numbers and e-mail addresses of all New Jersey Class members;

e.     Authorizing New Jersey Class Counsel to issue an approved form of notice informing the New Jersey Class members of the nature of the action and their right to opt-out of this lawsuit;

f.     Finding that Defendants willfully violated the applicable provisions of the New Jersey Wage and Hour Law and its enabling Regulations by failing to pay wages owed to Plaintiffs and the New Jersey Class members for all hours worked;

g.     Granting judgment in favor of Plaintiff Jordan and the New Jersey Class members on their claim for violation of the New Jersey Wage and Hour Law and its enabling Regulations;

h.     Awarding Plaintiff Jordan and the Pennsylvania Class members all compensatory damages owed under the New Jersey Wage and Hour Law and its enabling Regulations;

i.     Awarding pre-judgment interest to Plaintiff Jordan and the New Jersey Class members on all compensatory damages due;

j.     Awarding reasonable attorney's fees and costs to Plaintiffs;

k. Declaring that Defendants willfully violated the New Jersey Wage and Hour Regulations as set forth above and granting an injunction prohibiting Defendants from continuing to violate the New Jersey Wage and Hour Regulations on this basis; and

l. Awarding any further relief the Court deems just, equitable and proper.

## COUNT IV
### Violation of N.J.A.C. 12:56-5.1 *et seq.*
### Failure To Pay For All Hours Worked
### (For New Jersey Class Members Only)

73. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

74. The New Jersey Wage and Hour Regulations establish rules to effectuate the New Jersey State Wage and Hour Law ("the Act") provide sanctions for noncompliance and are expressly applicable to wages and hours subject to the Act. *See* N.J.A.C. 12:56-1.1.

75. Plaintiff Jordan and the New Jersey Class Members are "employees" as defined by N.J.A.C. 12:56-2.1.

76. Defendants are "employers" as defined by N.J.A.C. 12:56-2.1.

77. The overtime premium and minimum wages Plaintiff Jordan seeks are "wages" as defined by N.J.A.C. 12:56-2.1.

78. The New Jersey Wage and Hour Regulations provide that a violation of the Act occurs when an employer: "Pays… wages at a rate less than the rate applicable under this chapter or any wage order issued pursuant thereto." *See* N.J.A.C. 12:56-1.2(a)(6).

79. The New Jersey Wage and Hour Regulations also provide that "Employees entitled to the benefits of the Act shall be paid for all hours worked." *See* N.J.A.C. 12:56-5.1.

80. As alleged herein, Defendants violated the New Jersey Wage and Hour Regulations through common, company-wide policies that caused Plaintiff Jordan and the New Jersey Class

members to be improperly paid less than the required minimum wage for certain hours they worked.

81.    As alleged herein, Defendants further violated the New Jersey Wage and Hour Regulations through common, company-wide policies that caused Plaintiff Jordan and the New Jersey Class members to be improperly denied required overtime premium wages for overtime hours they actually worked.

82.    As alleged herein, Defendants also violated the New Jersey Wage and Hour Regulations by failing to keep accurate contemporaneous records of all hours Plaintiffs and the New Jersey Class members worked.  *See* N.J.A.C. 12:56-1.2(a)(2) and 12:56-4.1.

83.    Throughout the relevant period, Defendants have been subject to the New Jersey Wage and Hour Regulations noted here and Plaintiff Jordan and the New Jersey Class members have not been exempt from application of these protections for any reason.

84.    By engaging in the conduct alleged herein, Defendants have acted willfully and/or with reckless disregard for the New Jersey Class members' rights under New Jersey Law.

85.    Plaintiff Jordan and the New Jersey Class members have been harmed as a direct and proximate result of Defendants' unlawful conduct, because they have been paid below required minimum wage levels for certain work they performed and denied overtime premium wages for overtime work they performed, all of which provided Defendants with a direct and substantial benefit.

86.    N.J.S.A 34:11-56a25 expressly allows a private Plaintiffs to bring a civil action to enforce an employers' failure to comply with the requirements of the Act.

87.    N.J.S.A 34:11-56a25 expressly provides that an agreement between the employer and employee to work for less than the wages required by the Act is not a defense to an action

20

seeking to recover those unpaid wages.

WHEREFORE, Plaintiff Jordan respectfully prays for an Order:

a.      Granting class certification to Plaintiff Jordan's claim for violation of the New Jersey Wage and Hour Regulations;

b.      Approving Plaintiff Jordan as an adequate Class representative;

c.      Appointing David J. Cohen, James B. Zouras and Andrew C. Ficzko of Stephan Zouras, LLP, Erik Langeland of Erik H. Langeland, P.C. and Jon Tostrud of Tostrud Law Group, P.C. as Class Counsel;

d.      Requiring Defendants to provide Class Counsel with a list of the names, addresses, phone numbers and e-mail addresses of all New Jersey Class members;

e.      Authorizing Class Counsel to issue an approved form of notice informing the New Jersey Class members of the nature of the action and their right to opt-out of this lawsuit;

f.      Finding that Defendants willfully violated the applicable overtime provisions of the New Jersey Wage and Hour Regulations by failing to pay Plaintiffs and the New Jersey Class members at an overtime premium rate for all of their overtime hours worked;

g.      Granting judgment in favor of Plaintiff Jordan and the New Jersey Class members on their claim for violation of the New Jersey Wage and Hour Regulations;

h.      Awarding Plaintiff Jordan and the New Jersey Class members all compensatory damages owed under the New Jersey Wage and Hour Regulations;

i.      Awarding pre-judgment interest to Plaintiff Jordan and the New Jersey Class members on all compensatory damages due;

j.      Awarding reasonable attorney's fees and costs to Plaintiffs;

k.      Declaring that Defendants willfully violated the New Jersey Wage and Hour Regulations as set forth above and granting an injunction prohibiting Defendants from continuing to violate the New Jersey Wage and Hour Regulations on this basis; and,

l.      Awarding any further relief the Court deems just, equitable and proper.

**COUNT V**
**Violation of the Pennsylvania Minimum Wage Act**
**Failure to Pay Minimum Wage**
**(For Pennsylvania Class Members Only)**

88.     Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

89.     The unpaid wages at issue in this litigation are "Wages" as defined by PMWA § 3(d).

90.     Defendants are "employers" as defined in PMWA § 3(g).

91.     Plaintiff Cheri Uhrinek and the members of the Pennsylvania Class are "employees" as defined in PMWA § 3(h).

92.     Defendants are covered employers obligated to comply with the PMWA's minimum wage and overtime requirements, and the members of the Pennsylvania Class are covered employees entitled to the PMWA's protections.

93.     At no time did Defendants or the members of the Pennsylvania Class fall under any exemption contained in PMWA § 5.

94.     Under the PMWA, overtime is calculated based on the number of hours worked in a "workweek", defined in controlling regulations as "a period of 7 consecutive days." *See* 34 Pa. Code § 231.42.

95.     Throughout the relevant period, PMWA § 4(a) required Defendants to pay the members of the Pennsylvania Class the required minimum wage for all hours worked.

96.     Throughout the relevant period, Defendants violated PMWA § 4(a) by, among other things, willfully and uniformly failing to pay the members of the Pennsylvania Class the required minimum wage for all hours worked.

97.   Throughout the relevant period, PMWA § 4(c) required Defendants to pay the members of the Pennsylvania Class overtime compensation of "not less than one and one-half times the employee's regular rate" for all hours worked over 40 in a given workweek.

98.   Throughout the relevant period, Defendants violated PMWA § 4(c) by, among other things, willfully and uniformly failing to pay the members of the Pennsylvania Class the required overtime wages for all hours worked over 40 in a given workweek.

99.   Throughout the relevant period, PMWA § 8 required Defendants to "keep a true and accurate record of the hours worked by each employee and the wages paid to each."

100.   Throughout the relevant period, Defendants violated PMWA § 8 by, among other things, failing to keep a true and accurate record of the hours worked by the members of the Pennsylvania Class.

101.   In violating the PMWA, Defendants acted willfully and with reckless disregard of clearly-applicable PMWA provisions.

102.   The members of the Pennsylvania Class have been harmed as a direct and proximate result of the unlawful conduct described here, because they have been deprived of wages owed for work they performed from which Defendants derived a direct and substantial benefit.

103.   Defendants have no good faith justification or defense for the conduct detailed above, or for failing to pay the members of the Pennsylvania Class all wages mandated by the PMWA.

104.   PMWA § 13 expressly allows private plaintiffs to bring civil actions to enforce an employers' failure to comply with the Act's requirements.

WHEREFORE, Plaintiffs Cheri Uhrinek and Jack Minnig respectfully pray for an Order:

   a.   Granting class certification to Plaintiff Cheri Uhrinek's and JACK Minnig's claim for violation of the PMWA;

b.      Approving Plaintiff Cheri Uhrinek and Jack Minnig as adequate Class representativeS;

c.      Appointing David J. Cohen, James B. Zouras and Andrew C. Ficzko of Stephan Zouras, LLP, Erik Langeland of Erik H. Langeland, P.C. and Jon Tostrud of Tostrud Law Group, P.C. as Class Counsel;

d.      Requiring Defendants to provide Class Counsel with a list of the names, addresses, phone numbers and e-mail addresses of all Pennsylvania Class members;

e.      Authorizing Class Counsel to issue an approved form of notice informing the Pennsylvania Class members of the nature of the action and their right to opt-out of this lawsuit;

f.      Finding that Defendants willfully violated the applicable minimum wage provisions of the PMWA by failing to pay members of Pennsylvania Class minimum wage for their time worked;

g.      Granting judgment in favor of Plaintiff Cheri Uhrinek, Jack Minnig and the Pennsylvania Class members on their claim for violation of the PMWA;

h.      Awarding Plaintiff Cheri Uhrinek, Jack Minnig and the Pennsylvania Class members all compensatory damages owed under the PMWA;

i.      Awarding pre-judgment interest to Plaintiff Cheri Uhrinek, Jack Minnig and the Pennsylvania Class members on all compensatory damages due;

j.      Awarding reasonable attorney's fees and costs to Plaintiffs;

k.      Declaring that Defendants willfully violated the PMWA as set forth above and granting an injunction prohibiting Defendants from continuing to violate the PMWA on this basis; and

l.      Awarding any further relief the Court deems just, equitable and proper.

## COUNT VI
### Violation of the Pennsylvania Wage Payment and Collection Law
### Failure to Pay Overtime
### <u>(For Pennsylvania Class Members Only)</u>

105.    Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

24

106. The PWPCL gives employees the right to enforce *any* legal right to wages due, including wages owed under a written contract.

107. Defendants are "employers" as defined by PWPCL § 2.1 and is obligated to comply with the PWPCL's wage payment requirements.

108. The members of the Pennsylvania Class are employees entitled to the PWPCL's protections.

109. Throughout the relevant period, PWPCL § 3(a) required Defendants to pay the members of the Pennsylvania Class all wages due to their employees on regular paydays designated in advance.

110. Throughout the relevant period, Defendants violated PWPCL § 3(a) by willfully and consistently failing to pay members of the Pennsylvania Class all overtime wages due on regular paydays designated in advance.

111. PWPCL § 7 provides that no provision of the PWPCL can be contravened or set aside by a private agreement.

112. Defendants have no good faith justification or defense for engaging in the conduct described above, or for failing to pay the members of the Pennsylvania Class all wages mandated by the PWPCL.

113. In violating the PWPCL, Defendants acted willfully and with reckless disregard of clearly applicable WPCL provisions.

114. The members of the Pennsylvania Class have been harmed as a direct and proximate result of Defendants' unlawful conduct, because they have been deprived of wages owed for work they performed from which Defendants derived a direct and substantial benefit.

115.     PWPCL §§ 9.1 and 10 expressly allow private plaintiff to institute a civil action to enforce an employers' failure to comply with the Act's requirements, and to recover any unpaid overtime wages, attorneys' fees and litigation costs, liquidated damages, and prejudgment interest.

116.     PWPCL § 9.1(a) provides that "[a]ny employee or group of employees . . . may institute actions provided under this act", and thus permits private plaintiffs to pursue class action status for their PWPCL claims.

WHEREFORE, Plaintiffs Cheri Uhrinek and Jack Minnig respectfully prays for an Order:

a.     Granting class certification to Plaintiff Cheri Uhrinek's and JACK Minnig's claim for violation of the PWPCL;

b.     Approving Plaintiff Cheri Uhrinek and Jack Minnig as adequate Class representatives;

c.     Appointing David J. Cohen, James B. Zouras and Andrew C. Ficzko of Stephan Zouras, LLP, Erik Langeland of Erik H. Langeland, P.C. and Jon Tostrud of Tostrud Law Group, P.C. as Class Counsel;

d.     Requiring Defendants to provide Class Counsel with a list of the names, addresses, phone numbers and e-mail addresses of all Pennsylvania Class members;

e.     Authorizing Class Counsel to issue an approved form of notice informing the Pennsylvania Class members of the nature of the action and their right to opt-out of this lawsuit;

f.     Finding that Defendants willfully violated the applicable overtime provisions of the PWPCL by failing to pay members of the Pennsylvania Class at an overtime premium rate for all of their overtime hours worked;

g.     Granting judgment in favor of Plaintiff Cheri Uhrinek, Jack Minnig and the Pennsylvania Class members on their claim for violation of the PWPCL;

h.     Awarding Plaintiff Cheri Uhrinek, Jack Minnig and the Pennsylvania Class members all compensatory and liquidated damages owed under the PWPCL;

i.     Awarding pre-judgment interest to Plaintiff Cheri Uhrinek, Jack Minnig and the Pennsylvania Class members on all compensatory damages due;

j.      Awarding reasonable attorney's fees and costs to Plaintiffs;

k.      Declaring that Defendants willfully violated the PWPCL as set forth above and granting an injunction prohibiting Defendants from continuing to violate the PWPCL on this basis; and,

l.      Awarding any further relief the Court deems just, equitable and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury in the above-captioned matter.


Respectfully Submitted,

*/s/ David J. Cohen*

Dated: November 21, 2017          David J. Cohen
STEPHAN ZOURAS, LLP
604 Spruce Street
Philadelphia, PA 19106
(215) 873-4836
dcohen@stephanzouras.com

James B. Zouras
Ryan F. Stephan
Andrew C. Ficzko
STEPHAN ZOURAS, LLP
205 N. Michigan Avenue, Suite 2560
Chicago, IL 60601
(312) 233-1550
jzouras@stephanzouras.com

Erik H. Langeland
733 Third Avenue, 15th Floor
New York, N.Y. 10017
(212) 354-6270
elangeland@langelandlaw.com

Jon A. Tostrud
TOSTRUD LAW GROUP, P.C.
1925 Century Park East, Suite 2125
Los Angeles, CA 90067
(310) 278-2600
jtostrud@tostrudlaw.com

*Counsel for Plaintiffs, the Putative FLSA*
*Collective and the Putative State-Law Classes*