## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

-------------------------------------------------------------

JUAN JORDAN and CHERI UHRINEK,      )
individually and on behalf of all others    )
similarly situated,      )
          Plaintiffs,      )     **Case No. 2:17-cv-05251-JP**
      v.      )
      )
MERIDIAN BANK, THOMAS CAMPBELL    )
and CHRISTOPHER ANNAS,      )
          Defendants.      )

-------------------------------------------------------------

## AMENDED COLLECTIVE / CLASS ACTION COMPLAINT

Juan Jordan and Cheri Uhrinek ("Plaintiffs"), by and through their undersigned counsel, hereby make the following allegations against Meridian Bank, Thomas Campbell and Christopher Annas ("Defendants") concerning their acts and status upon actual knowledge and concerning all other matters upon information, belief and the investigation of their counsel:

### NATURE OF THE ACTION

1.     Plaintiffs bring this action to address Defendants' violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the New Jersey Wage and Hour Law, N.J.S.A. 34:12-56a *et seq.*, and its enabling Regulations, N.J.A.C. 12:56-5.1 *et seq.*, ("NJWHL"), and the Pennsylvania Minimum Wage Act of 1968, 43 P.S. §§ 333.101, *et seq.* ("PMWA"). Plaintiffs allege that, until June 30, 2015, Defendants knowingly misclassified their inside sales Loan Officers as exempt employees and failed to pay them minimum and overtime wages required by federal and state law. After June 30, 2015, Defendants reclassified their Loan Officers as hourly employees, but then engaged in a common course of activity intended to prevent or discourage Loan Officers from reporting all of their hours worked which led to an ongoing denial of overtime wages owed under federal and state law.

2.      Plaintiffs bring their FLSA misclassification claim as a collective action under 29 U.S.C. § 216(b) seeking unpaid minimum and overtime wages owed from the start of the maximum limitations period to June 30, 2015.

3.      Plaintiffs bring their FLSA unpaid overtime claim as a collective action under 29 U.S.C. § 216(b) seeking unpaid overtime wages owed for the period since June 30, 2015.

4.      Plaintiff Jordan brings his NJWHL misclassification claim as a state-wide class action under Fed. R. Civ. P. 23(b)(3) seeking unpaid minimum and overtime wages owed for the period November 21, 2014 to June 30, 2015.

5.      Plaintiff Uhrinek brings her PMWA misclassification claim as a state-wide class action under Fed. R. Civ. P. 23(b)(3) seeking unpaid minimum and overtime wages owed for the period November 21, 2014 to June 30, 2015.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over Plaintiffs' FLSA claim pursuant to 29 U.S.C. §216(b), 28 U.S.C. §1331 (federal question jurisdiction) and 28 U.S.C. §1332(a)(1), because the matter in controversy in this civil action exceeds $75,000.00 exclusive of interest and costs and the Parties are residents of different states.

7.      This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction), because these claims arise from the same occurrence or transaction and are so related to Plaintiffs' FLSA claim as to form part of the same case or controversy.

8.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b), because Defendants' Corporate Headquarters is located in Malvern, PA, their principal mortgage banking office is located in Plymouth Meeting, PA, Defendants have significant business contacts within

this District, acts and omissions giving rise to Plaintiffs' claims occurred within this District and Defendants have selected this forum as the one in which claims must be brought.

## PARTIES

9.      Plaintiff Jordan is an adult citizen of the State of New Jersey who Defendants employed as an inside sales Loan Officer in Northfield, N.J. during the relevant period.  During the relevant period, Plaintiff Jordan's primary job responsibility was to sell residential mortgage loans to borrowers from inside Defendants' offices.   To meet Defendants' productivity requirements, Plaintiff Jordan routinely worked more than 40 hours per week.  Before June 30, 2015, Defendants classified Plaintiff Jordan as exempt from federal and state overtime requirements and paid him on a commission-only basis that did not include either required minimum wage payments in workweeks he made no sales or required overtime wage payments for hours he worked beyond 40 per week.  After June 30, 2015, Defendants re-classified Plaintiff Jordan as an hourly employee, but discouraged or prevented him from reporting all of his hours worked.  Because Plaintiff Jordan frequently worked more than 40 hours per week to meet Defendants' productivity requirements, Defendants' practices had the effect of denying him overtime wages in most weeks he worked.  Plaintiff Jordan has filed an opt-in consent form to join this ligation.

10.      Plaintiff Uhrinek is an adult citizen of the State of Pennsylvania who Defendants employed as an inside sales Loan Officer in Mechanicsburg, PA during the relevant period.  During the relevant period, Plaintiff Uhrinek's primary job responsibility was to sell residential mortgage loans to borrowers from inside Defendants' offices or her home office.   To meet Defendants' productivity requirements, Plaintiff Uhrinek routinely worked more than 40 hours per week. Before June 30, 2015, Defendants classified Plaintiff Uhrinek as exempt from federal and state

overtime requirements and paid her on a paid her on a commission-only basis that did not include either required minimum wage payments in workweeks she made no sales or required overtime wage payments for hours she worked beyond 40 per week.  After June 30, 2015, Defendants re-classified Plaintiff Uhrinek as an hourly employee, but discouraged or prevented her from reporting all of her hours worked.  Because Plaintiff Uhrinek frequently worked more than 40 hours per week to meet Defendants' productivity requirements, Defendants' practices had the effect of denying her overtime wages in most weeks she worked.  Plaintiff Uhrinek has filed an opt-in consent form to join this ligiation .

11.     Defendant Meridian Bank provides mortgage banking services to consumers in Pennsylvania and New Jersey from a principal place of business in Plymouth Meeting, Pennsylvania. At all relevant times, Defendant Meridian Bank has been an "employer" as defined under the FLSA, as well as the state wage laws of Pennsylvania and New Jersey.

12.     At all relevant times, Defendant Thomas Campbell ("Campbell") was Meridian Bank's Vice President of Residential Lending.   At all times relevant, Campbell exercised operational control over Meridian Bank, controlled significant business functions of Meridian Bank, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Meridian Bank in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees.  As such, at all relevant times, Campbell was an "employer" as defined by the FLSA as well as the state wage laws of Pennsylvania and New Jersey.

13.     At all relevant times, Defendant Christopher Annas ("Annas") was Meridian Bank's President.  At all times relevant, Annas exercised operational control over Meridian Bank, controlled significant business functions of Meridian Bank, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Meridian Bank in devising, directing,

implementing, and supervising the wage and hour practices and policies relating to the employees. As such, at all relevant times, Campbell was an "employer" as defined by the FLSA as well as the state wage laws of Pennsylvania and New Jersey.

## MATERIAL FACTS

14.     Pursuant to Defendants' common company-wide policies and procedures, all inside sales Loan Officers Defendants employed during the relevant period had the same primary job duty: to sell residential mortgage loans from inside an office.  They were essentially mortgage salespeople.

15.     Plaintiffs and the Collective / Class members were not primarily responsible for performing work directly related to the management or Defendants' general business operations, were not primarily responsible for the exercise of discretion and independent judgment with respect to matters of significance to Defendants' business operations and regularly and customarily performed their primary duty from inside an office.

16.     Throughout the relevant period, Defendants unilaterally dictated and controlled the terms and conditions of Plaintiffs' and the Collective / Class members' employment, including: their employment classification, the nature of their work, their productivity requirements, the policies governing the Plaintiffs' and the Collective / Class members' employment, how they recorded their work time and how their wages were calculated.

17.     Pursuant to Defendants' common policies and practices, Defendants knowingly suffered or permitted Plaintiffs and the Collective / Class members to arrive early for work, stay late at work and perform work-related tasks on weekends to meet Defendants' productivity requirements.  As a result, Plaintiffs and the Collective / Class members routinely worked over 40 hours per week.

18.     Defendants did not make or maintain accurate, contemporaneous records of the actual time Plaintiffs and the Collective / Class members worked.

19.     Before June 30, 2015, Defendants did not pay Plaintiffs and the Collective / Class members a guaranteed weekly salary of at least $455.00.  Instead, Defendants paid Plaintiffs and the Collective / Class members on a commission-only basis that did not include either required minimum wage payments or required overtime wage payments for hours they worked beyond 40 per week.

20.     After June 30, 2015, Defendants re-classified Plaintiffs and the Collective / Class members as hourly employees and paid them an hourly rate for hours recorded in Defendants' timekeeping system.  However, after June 30, 2015, Defendants implemented common practices intended to discourage or prevent Plaintiffs and the Collective / Class members from reporting all their hours worked, meaning Plaintiffs and the Collective / Class members continued to be denied overtime wages in most, if not all, of their workweeks.

## FLSA COLLECTIVE ACTION ALLEGATIONS

21.     Plaintiffs bring their FLSA claims as a collective action pursuant to 29 U.S.C §216(b) for themselves and the following two FLSA collectives:

> All individuals who worked as inside sales Loan Officers for Defendants at any time from the start of the maximum limitations period to June 30, 2015, were classified as exempt employees and worked weeks in which they did not earn either required minimum or overtime wages (the "Misclassification Collective").

> All individuals who worked as inside sales Loan Officers for Defendants at any time since June 30, 2015 and were not paid overtime wages owed for all time worked in excess of 40 in given workweeks (the "Unpaid Overtime Collective").

Plaintiffs reserve the right to amend their proposed FLSA Collective definitions as necessary.

22.     Plaintiffs believe the Misclassification Collective includes about 100 people who worked for Defendants in Pennsylvania, New Jersey and Delaware before June 30, 2015.

23.     Plaintiffs believe the Unpaid Overtime Collective includes about 200 people who have worked for Defendants in Pennsylvania, New Jersey and Delaware since June 30, 2015

24.     Plaintiffs are members of the Misclassification Collective, because they worked for Defendants as inside sales Loan Officers before June 30, 2015, were misclassified as exempt employees and worked weeks in which they did not earn either required minimum or overtime wages.

25.     Plaintiffs are members of the Unpaid Overtime Collective, because they have worked for Defendants as inside sales Loan Officers since June 30, 2015, were discouraged or prevented from recording all overtime hours they worked and were not paid all overtime wages owed for those hours.

26.     The members of both FLSA Collectives are "similarly situated," as defined by 29 U.S.C. § 216(b) because, among other things:

        a.      Defendants employed the members of both FLSA Collectives;

        b.      The members of both FLSA Collectives had materially similar job duties, including the same primary job duty;

        c.      None of the FLSA Collective members were primarily responsible for performing work directly related to the management or general business operations of Defendants or their customers;

        d.      The members of both FLSA Collectives performed their mortgage sales duties from inside an office.

        e.      Plaintiffs and the members of both FLSA Collectives routinely worked more than 40 hours per workweek;

        f.      None of the FLSA Collective members were primarily responsible for the exercise of discretion and independent judgment with respect to matters of significance to Defendants' business operations;

g.      Before June 30, 2015, Defendants classified all of the members of the Misclassification Collective as exempt from federal overtime requirements and paid them on a commission-only basis that did not include either required minimum wage payments in workweeks they made no sales or required overtime wage payments for hours they worked beyond 40 per week;

h.      Defendants classified all of the members of the Unpaid Overtime Collective as hourly employees after June 30, 2015, but subjected them to common practices intended to discourage or prevent them from reporting all of their hours worked and receiving overtime wages owed in weeks they worked over 40 hours;

i.      Defendants maintained common timekeeping and payroll systems and policies with respect to Plaintiffs and the FLSA Collective members that did not accurately track all of the hours Plaintiffs and the FLSA Collective members worked or cause them to be paid all required minimum or overtime wages; and

j.      Defendants' labor relations and human resources systems were centrally-organized and controlled, and shared a common management team that controlled the policies at issue here.

27.      Defendants knew that members of both FLSA Collectives performed work that required compensation for minimum wages and/or overtime.  Nonetheless, Defendants engaged in a concerted scheme to avoid paying members of both FLSA Collectives required minimum and overtime wages by failing to maintain accurate, contemporaneous records of all their work hours, or pay them all minimum and overtime wages owed for all hours they actually worked.

28.      Defendants' conduct, as alleged herein, has been willful and has caused significant damage to Plaintiffs and the FLSA Collective members.

## STATE-LAW CLASS ACTION ALLEGATIONS

29.      Plaintiff Jordan brings his PMWA claim as a class action under Fed. R. Civ. P. 23(b)(3), for himself and the following New Jersey Class:

All individuals who worked as inside sales Loan Officers for Defendants in New Jersey at any time from the start of the maximum limitations period to June 30, 2015, were classified as exempt employees and worked weeks in which they did not earn either required minimum or overtime wages (the "New Jersey Class).

8

Plaintiffs reserve the right to amend their proposed New Jersey Class definition as necessary.

30.     Plaintiff Cheri Uhrinek brings this action as a class action, pursuant to Fed. R. Civ. P. 23(b)(3), for herself and the following Pennsylvania Class:

> All individuals who worked as inside sales Loan Officers for Defendants in Pennsylvania at any time from the start of the maximum limitations period to June 30, 2015, were classified as exempt employees and worked weeks in which they did not earn either required minimum or overtime wages (the "Pennsylvania Class").

Plaintiffs reserve the right to amend their proposed Pennsylvania Class definition as necessary.

31.     Plaintiff Jordan is a member of the New Jersey Class, because he worked for Defendants as an inside sales Loan Officer in New Jersey before June 30, 2015, was misclassified as an exempt employee and regularly worked weeks in which he did not earn either required minimum or overtime wages.

32.     Plaintiff Uhrinek is a member of the Pennsylvania Class, because she worked for Defendants as an inside sales Loan Officer in Pennsylvania before June 30, 2015, was misclassified as an exempt employee and regularly worked weeks in which she did not earn either required minimum or overtime wages.

33.     The members of each Class are so numerous that their joinder would be impracticable.  Plaintiffs believe the Pennsylvania and New Jersey Classes each include about 40 people.

34.     There are material questions of law or fact common to the members of each Class because, as set forth throughout this filing, Defendants engaged in a common course of conduct that violated their right to minimum and overtime pay.  Any individual questions that may arise

will be far less central to this litigation than the numerous common questions of law and fact, including:

      a.     Whether Defendants conducted any audit or other analysis of the duties of the members of each Class before classifying them as exempt;

      b.     Whether the Class members' duties supported their exempt status;

      c.     Whether the Class members worked more than 40 hours per week;

      d.     Whether Defendants maintained accurate contemporaneous records of the time worked by the Class members;

      e.     Whether the Class members were entitled to receive overtime premium wages for working more than 40 hours in a week;

      f.     Whether the Class members have suffered damages, and the proper measure of those damages; and

      g.     Whether Defendants willfully failed to pay minimum wages and/or overtime compensation to the Class members.

35.     The claims of the respective Named Plaintiff for each state law Class are typical of the claims belonging to the members of each respective Class.  Each Named Plaintiff is similarly-situated to the members of their respective Class because Defendants treated all members as exempt from state overtime requirements, subjected them to similar work and compensation policies, and denied them legally-required minimum and overtime premium wages.

36.     The respective Named Plaintiff for each state law Class will fairly and adequately assert and protect the interests of the absent members of each Class because: there is no apparent conflict of interest between the respective Named Plaintiff and the absent members of each Class; Counsel for Named Plaintiffs have successfully prosecuted many complex Class actions, including state-law wage and hour class actions and will adequately prosecute these claims; and Named Plaintiffs have adequate financial resources to assure the interests of the New Jersey Class members will not be harmed because their counsel have agreed to advance the costs and expenses

of this litigation contingent upon the outcome of this litigation consistent with the applicable rules of professional conduct.

37.     Allowing the members of the proposed Classes to pursue their claims as class actions will provide a fair and efficient method for adjudication of the issues presented by this controversy because issues common to all members of each Class (including the propriety of Defendants' classification of the members of each Class as overtime exempt) predominate over any questions affecting only individual members; no difficulties are likely to be encountered in the management of this litigation; and the claims addressed in this Complaint are not too small to justify the expenses of class-wide litigation, nor are they likely to be so substantial as to require the litigation of individual claims

38.     Given the material similarity of claims belonging to the Class members, even if the individual members of each Class could afford to litigate a separate claim, this Court should not countenance or require the filing of hundreds of identical actions.  Individual litigation of the legal and factual issues raised by Defendants' conduct would cause unavoidable delay, a significant duplication of efforts, and an extreme waste of resources.  Alternatively, proceeding by way of a class action will permit the efficient supervision of these claims, give rise to significant economies of scale for the Court and the Parties and result in a binding, uniform adjudication on all issues.

39.     Allowing the members of the Classes as defined above to pursue their claims as class actions is also appropriate because the state laws at issue expressly permit private civil lawsuits to recover unpaid overtime wages and other relief.

**COUNT I**
**VIOLATION OF THE FLSA**
**<u>Misclassification - Unpaid Minimum and Overtime Wages</u>**

40.     Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

41.     Defendants are "employers" as defined by 29 U.S.C. § 203(d).

42.     Plaintiffs and the FLSA collective members are "employees" as defined by 29 U.S.C. § 203(e)(1).

43.     The wages Defendants pay to Plaintiffs and the FLSA collective are "wages" as defined by 29 U.S.C. § 203(m).

44.     Defendants are an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

45.     Plaintiffs and the FLSA collective are similarly-situated individuals within the meaning of 29 U.S.C. §216(b).

46.     29 U.S.C. § 216(b) expressly allows private plaintiffs to bring collective actions to enforce an employers' failure to comply with their requirements.

47.     Throughout the relevant period, Defendants have been obligated to comply with the FLSA's requirements, Plaintiffs and the FLSA collective members have been covered employees entitled to the FLSA's protections, and Plaintiffs and the FLSA collective members have not been exempt from receiving wages required by the FLSA for any reason.

48.     29 U.S.C. § 206(a)(1)(C), requires employers to pay their employees a minimum wage of at least $7.25 per hour for every hour worked.

49.     Before June 30, 2015, Defendants classified the FLSA Collective members as exempt employees and paid them on a commission-only basis.

50.     The FLSA Collective members routinely worked 40 hours or more per week, but received no wages in weeks they made no sales, which happened regularly.

51.     By failing to pay the FLSA Collective members any wages in certain weeks, Defendants committed a clear FLSA minimum wage violation.

52.     29 U.S.C. § 207(a)(1), requires employers to pay their employees an overtime rate, equal to at least 1½ times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week.

53.     Defendants maintained productivity requirements that routinely caused the FLSA Collective members to work more than 40 hours per week.

54.     As a result, Defendants did not keep an accurate, contemporaneous record of the overtime hours the FLSA Collective members actually worked before June 30, 2015, or pay them any overtime premium wages for these hours.

55.     By failing to pay the FLSA Collective members at an overtime premium rate for overtime hours they actually worked, Defendants committed a clear FLSA overtime violation.

56.     By engaging in the conduct alleged herein, Defendants have acted willfully and/or with reckless disregard for the FLSA Collective members' rights under the FLSA.

57.     Plaintiff and the FLSA Collective members have been harmed as a direct and proximate result of Defendants' unlawful conduct, because they have been deprived of legally-mandated minimum and overtime wages owed for the period before June 30, 2015.

**COUNT II**
**VIOLATION OF THE FLSA**
**"Off-The-Clock" Work - Unpaid Overtime Wages**

58.     Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

59.     Around June 30, 2015, Defendants re-classified their Loan Officers as hourly employees.

60.     Defendants knew their Loan Officers routinely worked more than 40 hours per week to meet Defendants' productivity requirements and that they would face significantly increased labor costs if Loan Officers suddenly began recording all of their actual overtime hours in Defendants' timekeeping system.

61.     To minimize their labor costs, Defendants implemented a scheme by which managers and supervisors were instructed to prevent, discourage, or intimidate Loan Officers from entering their overtime hours in Defendants' timekeeping system.

62.     As a result, the FLSA Collective members did not accurately report all of their actual work hours, Defendants did not keep an accurate, contemporaneous record of the overtime hours the FLSA Collective members actually worked and Defendants did not pay the FLSA Collective members all overtime premium wages owed for their overtime hours.

63.     By failing to pay the FLSA Collective members at an overtime premium rate for overtime hours they actually worked, Defendants committed a clear FLSA overtime violation.

64.     By engaging in the conduct alleged herein, Defendants have acted willfully and/or with reckless disregard for the FLSA Collective members' rights under the FLSA.

65.     Plaintiff and the FLSA Collective members have been harmed as a direct and proximate result of Defendants' unlawful conduct, because they have been deprived of legally-mandated overtime wages owed for the period since June 30, 2015.

**COUNT III**
**VIOLATION OF NEW JERSEY WAGE AND HOUR LAW**
**Misclassification - Unpaid Minimum and Overtime Wages**

66.     Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

67.     The New Jersey Wage and Hour Regulations establish rules to effectuate the

NJWHL, provide sanctions for noncompliance and are expressly applicable to wages and hours subject to the NJWHL.   *See* N.J.A.C. 12:56-1.1.

68.     Defendants are "employers" as defined by N.J.S.A 34:11-56(a)(1)(g) and N.J.A.C. 12:56-2.1.

69.     Plaintiff Jordan and the New Jersey Class Members are "employees" as defined by N.J.S.A 34:11-56(a)(1)(h) and N.J.A.C. 12:56-2.1.

70.     The minimum and overtime wages sought by this claim are "wages" as defined by N.J.S.A 34:11-56(a)(1)(d) and N.J.A.C. 12:56-2.1.

71.     N.J.S.A 34:11-56(a)(25) expressly allows a private plaintiff to bring a civil action to enforce an employers' failure to comply with the requirements of the Act and expressly provides that an agreement between the employer and employee to work for less than the wages required by the Act is not a defense to an action seeking to recover those unpaid wages.

72.     Throughout the relevant period, Plaintiff Jordan and the New Jersey Class members have been entitled to the protections provided by New Jersey Wage and Hour Act and its enabling Regulations, and have not been exempt from these protections for any reason.

73.     N.J.A.C. 12:56-3.1 provides that: employees shall receive the minimum hourly wage rate set by section 6(a)(1) of the Federal "Fair Labor Standards Act or the rate provided under N.J.S.A. 34:11-56A4, whichever is greatest.

74.     N.J.S.A 34:11-56(a)(4) provides that: "Every employer shall pay to each of his employees [*sic*] wages at a rate of not less than…$7.15 per hour for 40 hours of working time in any week...."

75.     N.J.S.A 34:11-56(a)(4) provides that: "Every employer shall pay to each of his employees [*sic*] wages at a rate of not less than 1½ times such employee's regular hourly wage for

each hour of working time in excess of 40 hours in any week...."

76.    N.J.A.C. 12:56-1.2(a)(6) provides that a violation of the Act occurs when an employer: "Pays… wages at a rate less than the rate applicable under this chapter or any wage order issued pursuant thereto."

77.    N.J.A.C. 12:56-5.1 provides that: "Employees entitled to the benefits of the Act shall be paid for all hours worked."

78.    N.J.A.C. 12:56-1.2(a)(2) and 12:56-4.1 require employers to "make, keep and preserve" "records which contain… the total hours [each employee] worked each day and each workweek".

79.    By failing to pay the New Jersey Class members any wages in certain weeks between November 21, 2014 and June 30, 2015, Defendants committed a clear violation of the NJWHL's minimum wage and wage payment requirements.

80.    By failing to pay the New Jersey Class members at an overtime premium rate for overtime hours they actually worked in certain weeks between November 21, 2014 and June 30, 2015, Defendants committed a clear violation of the NJWHL's overtime requirements.

81.    By failing to keep accurate contemporaneous records of all hours the New Jersey Class members worked, Defendants committed a clear violation of the NJWHL's record-keeping requirement.

82.    By engaging in the conduct alleged herein, Defendants have acted willfully and/or with reckless disregard for the New Jersey Class members' rights under the NJWHL.

83.    The New Jersey Class members have been harmed as a direct and proximate result of Defendants' unlawful conduct, because they have been deprived of legally-mandated minimum and overtime wages owed for the period November 21, 2014 to June 30, 2015.

84.     The New Jersey Class members have been harmed as a direct and proximate result of Defendants' unlawful conduct, because they have been paid below required minimum wage levels for certain work they performed and denied overtime premium wages for overtime work they performed, all of which provided Defendants with a direct and substantial benefit.

**COUNT IV**
**VIOLATION OF THE PENNSYLVANIA MINIMUM WAGE ACT**
**<u>Misclassification - Unpaid Minimum and Overtime Wages</u>**

85.     Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

86.     The unpaid wages at issue in this litigation are "Wages" as defined by PMWA § 3(d).

87.     Defendants are "employers" as defined in PMWA § 3(g).

88.     Plaintiff Uhrinek and the members of the Pennsylvania Class are "employees" as defined in PMWA § 3(h).

89.     Throughout the relevant period, Defendants were covered employers obligated to comply with the PMWA's minimum wage and overtime requirements, and the members of the Pennsylvania Class are covered employees entitled to the PMWA's protections.

90.     At no time did Defendants or the members of the Pennsylvania Class fall under any exemption contained in PMWA § 5.

91.     Under the PMWA, overtime is calculated based on the number of hours worked in a "workweek", defined in controlling regulations as "a period of 7 consecutive days." *See* 34 Pa. Code § 231.42.

92.     PMWA § 4(a) requires employers to pay their employees the required minimum wage for all hours worked.

93.     PMWA § 4(c) requires employers to pay their employees overtime compensation of "not less than one and one-half times the employee's regular rate" for all hours worked over 40 in a given workweek.

94.     PMWA § 8 requires employers to "keep a true and accurate record of the hours worked by each employee and the wages paid to each."

95.     PMWA § 13 expressly allows private plaintiffs to bring civil actions to enforce an employers' failure to comply with the Act's requirements.

96.     By failing to pay the Pennsylvania Class members any wages in certain weeks between November 21, 2014 and June 30, 2015, Defendants committed a clear violation of the PMWA's minimum wage requirement.

97.     By failing to pay the Pennsylvania Class members at an overtime premium rate for overtime hours they actually worked in certain workweeks between November 21, 2014 and June 30, 2015, Defendants committed a clear violation of the PMWA's overtime requirements.

98.     By failing to keep accurate contemporaneous records of all hours the Pennsylvania Class members worked, Defendants committed a clear violation of the PMWA's record-keeping requirement.

99.     By engaging in the conduct alleged herein, Defendants have acted willfully and/or with reckless disregard for the Pennsylvania Class members' rights under the PMWA.

100.    The Pennsylvania Class members have been harmed as a direct and proximate result of Defendants' unlawful conduct, because they have been deprived of legally-mandated minimum and overtime wages owed for the period November 21, 2014 to June 30, 2015.

101.    The Pennsylvania Class members have been harmed as a direct and proximate result of Defendants' unlawful conduct, because they have been paid below required minimum

wage levels for certain work they performed and denied overtime premium wages for overtime work they performed, all of which provided Defendants with a direct and substantial benefit.

WHEREFORE, Plaintiffs respectfully pray for an Order:

a.      Granting conditional certification to Plaintiffs' FLSA minimum wage claim;

b.      Granting class certification to Plaintiff Jordan's claim under the NJWHL and its enabling Regulations;

c.      Granting class certification to Plaintiff Cheri Uhrinek's claim for violation of the PMWA;

d.      Approving Plaintiff Jordan as an adequate Class representative for the New Jersey Class;

e.      Approving Plaintiff Uhrinek as an adequate Class representative for the Pennsylvania Class;

f.      Appointing David J. Cohen, James B. Zouras and Andrew C. Ficzko of Stephan Zouras, LLP, Erik Langeland of Erik H. Langeland, P.C. and Jon Tostrud of Tostrud Law Group, P.C. as Counsel for the FLSA Collective, the New Jersey Class and the Pennsylvania Class;

g.      Requiring Defendants to provide a list of the names, addresses, phone numbers and e-mail addresses of all FLSA Collective, New Jersey Class and Pennsylvania Class members to complete the required notice mailings;

h.      Authorizing Counsel to issue an approved form of notice informing the FLSA Collective members of the nature of the action and their right to join this lawsuit;

i.      Authorizing Counsel to issue an approved form of notice informing the New Jersey and Pennsylvania Class members of the nature of this action and their right to opt-out of this lawsuit;

j.      Finding that Defendants willfully violated the FLSA, NJWHL and PMWA by failing to pay required minimum wages to the Collective and Class members;

k.      Finding that Defendants willfully violated the FLSA, NJWHL and PMWA by failing to pay required overtime wages to the Collective and Class members;

l.      Granting judgment in favor of Plaintiffs and the FLSA Collective members on their FLSA minimum wage claim;

m.      Granting judgment in favor of Plaintiff Jordan and the New Jersey Class on their claim for violation of the NJWHL;

n.      Granting judgment in favor of Plaintiff Uhrinek and the Pennsylvania Class on their claim for violation of the PMWA;

o.      Awarding Plaintiffs and the Collective and Class members all available compensatory damages;

p.      Awarding Plaintiffs and the Collective and Class members all available liquidated damages;

q.      Awarding Plaintiffs and the Collective and Class members all available pre-judgment interest;

r.      Awarding reasonable attorney's fees and costs to Plaintiffs on all claims;

s.      Declaring that Defendants willfully violated the FLSA as set forth above and granting an injunction prohibiting Defendants from continuing to violate the FLSA on this basis;

t.      Declaring that Defendants willfully violated the New Jersey Wage and Hour Regulations as set forth above and granting an injunction prohibiting Defendants from continuing to violate the New Jersey Wage and Hour Regulations on this basis;

u.      Declaring that Defendants willfully violated the PMWA as set forth above and granting an injunction prohibiting Defendants from continuing to violate the PMWA on this basis;

v.      Awarding any further relief the Court deems just, equitable and proper.

## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury in the above-captioned matter.


                                      Respectfully Submitted,

Dated: June 4, 2018                   */s/ James B. Zouras*
                                      James B. Zouras
                                      Ryan F. Stephan
                                      Andrew C. Ficzko
                                      STEPHAN ZOURAS, LLP
                                      205 N. Michigan Avenue, Suite 2560
                                      Chicago, IL 60601
                                      (312) 233-1550
                                      jzouras@stephanzouras.com

                                      David J. Cohen
                                      STEPHAN ZOURAS, LLP
                                      604 Spruce Street
                                      Philadelphia, PA 19106

21

(215) 873-4836
dcohen@stephanzouras.com

Erik H. Langeland
733 Third Avenue, 15th Floor
New York, N.Y. 10017
(212) 354-6270
elangeland@langelandlaw.com

Jon A. Tostrud
TOSTRUD LAW GROUP, P.C.
1925 Century Park East, Suite 2125
Los Angeles, CA 90067
(310) 278-2600
jtostrud@tostrudlaw.com

*Counsel for Plaintiffs, the Putative FLSA*
*Collective and the Putative State-Law Classes*