IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUAN JORDAN and CHERI UHRINEK, individually and on behalf of all other similarly situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>MERIDIAN BANK, THOMAS CAMPBELL and CHRISTOPHER ANNAS,<br><br>      Defendants. | CIVIL ACTION NO. 2:17-cv-05251-JP<br><br>[ELECTRONICALLY FILED] |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
PARTIAL MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(B)(6)**

Pursuant to Fed.R.Civ.P. 12(b)(6), Defendants have filed a Partial Motion to Dismiss Plaintiffs' Amended Complaint in this collective and class action claiming violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., as well as Pennsylvania and New Jersey state laws.

Count II of the Amended Complaint should be dismissed for failure to state a claim because the Amended Complaint fails to allege factual content to support Plaintiffs' conclusory allegation that Defendants "implemented a scheme by which managers and supervisors were instructed to prevent, discourage or intimidate Loan Officers from entering their overtime hours…" Count II also fails to allege facts suggesting that Plaintiffs worked more than 40 hours in any workweek and were not paid an overtime rate for those hours.

I. PROCEDURAL HISTORY AND PLAINTIFFS' ALLEGATIONS.

On November 21, 2017, Plaintiffs filed their original complaint alleging that Defendants violated federal and state wage and hour laws by (1) failing to pay minimum wages to Loan Officers employed on a commission-only basis and (2) improperly classifying Loan

1

Officers as exempt and failing to pay overtime compensation. The original Complaint contained no allegations similar to Plaintiffs' current claim of a "scheme" to prevent employees from entering overtime hours. Defendants filed an Answer and Affirmative Defenses denying all of Plaintiffs' claims.

In connection with a preliminary exchange of documents and information, Defendants provided evidence showing that, beginning on or about June 1, 2015, Meridian reclassified the Loan Officers as non-exempt, began requiring them to accurately record and report all time worked on an electronic timekeeping system, and began paying the Loan Officers a guaranteed minimum draw and overtime pay, as appropriate. During the Rule 16 Conference in this case on March 8, 2018, Plaintiffs' counsel acknowledged this evidence and agreed to amend the complaint to accurately reflect these facts.

By the Court's Order dated April 3, 2018, all proceedings were stayed until May 21, 2018, pending mediation. Based on the reclassification of Loan Officers in June 2015, the parties agreed to limit the scope of the mediation to the six-month period from November 21, 2014 (the earliest date within the longest possible limitations period) through and including May 31, 2015 (the last date before the new system was implemented company-wide). Mediation was unsuccessful, and the Court entered a revised Scheduling Order giving Plaintiffs until June 1, 2018 to file an Amended Complaint and establishing other pertinent deadlines.

Plaintiffs timely filed their Amended Complaint. With regard to the time period before June 1, 2015, the Amended Complaint is nearly identical to the original complaint. The Amended Complaint acknowledges that, from June 1, 2015[1] to the present, Loan Offers have been treated as nonexempt and record their time. (Amended Complaint at ¶ 20). However, in an

---

[1] The Amended Complaint mistakenly alleges that the reclassification occurred on June 30, 2015, rather than June 1, 2015.

2

attempt to state a claim relating to that time period, Plaintiffs have added a new "off-the-clock" claim (Count II), averring that "Defendants implemented a scheme by which managers and supervisors were instructed to prevent, discourage, or intimidate Loan Officers from entering their overtime hours in Defendants' timekeeping system." (Amended Complaint at ¶ 61). Based on that alleged scheme, Plaintiffs contend, "the FLSA Collective members did not accurately report all of their actual work hours." (Amended Complaint at ¶ 62).

    II.    COUNT II OF THE AMENDED COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM.

        A.    Legal Standards Under Fed. R. Civ. P. 12(b)(6).

A valid complaint requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Supreme Court in Iqbal clarified that its decision in Twombly "expounded the pleading standard for 'all civil actions.' " Iqbal, 556 U.S. at 684. It explained that even though a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, the pleadings must include factual allegations to support the legal claims asserted. Id. at 678–79. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678 (citing Twombly, 550 U.S. at 555). The facial plausibility requirement is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it

SL1 1526029v1 107851.00012

asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556–57) (internal citations omitted).

In light of Iqbal, the Third Circuit has instructed that district courts should first separate the factual and legal elements of a claim, and, accepting the "well-pleaded facts as true," should then "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' " Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009) (citing Iqbal, 556 U.S. at 679). Accordingly, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

The Third Circuit applied the Twombly and Iqbal standards in the context of an FLSA collective action in Davis v. Abington Memorial Hospital, 765 F.3d 236, 241 (3d Cir. 2014), in which it set forth the proper pleading standard for a FLSA overtime claim. The Third Circuit held that, "in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege forty hours of work in a *given* workweek *as well as* some uncompensated time in excess of the forty hours." Id. at 242 (quotation omitted) (emphasis in original). Each of the named plaintiffs in Davis alleged "that he or she 'typically' worked shifts totaling between thirty-two and forty hours per week and further allege[d] that he or she 'frequently' worked extra time." Id. "Because they 'typically worked full time, or very close to it' and 'also worked several hours of unpaid work each week," the plaintiffs alleged that it was "certainly plausible that at least some of the uncompensated work was performed during weeks when the plaintiffs' total work time was more than forty hours." Id.

The Third Circuit disagreed, holding that "none of the named plaintiffs has alleged a single workweek in which he or she worked at least forty hours and also worked

SL1 1526029v1 107851.00012

uncompensated time in excess of forty hours." Id. at 243. As an example of the type of allegation that might suffice, the Davis Court stated: "For instance, a plaintiff's claim that she 'typically' worked forty hours per week, worked extra hours during such a forty-hour week, and was not compensated for extra hours beyond forty hours he or she worked during one or more of *those* forty-hour weeks, would suffice." Id.

      B.      Count II of the Amended Complaint is Devoid of Factual Content and Should be Dismissed or, In the Alternative, Plaintiffs Should Be Required to Provide a More Definite Statement.

With regard to Count II, Plaintiffs' only assertions are that: (1) "To minimize their labor costs, Defendants implemented a scheme by which managers and supervisors were instructed to prevent, discourage, or intimidate Loan Officers from entering their overtime hours in Defendants' timekeeping system"; and that (2) "the FLSA Collective members did not accurately report all of their actual work hours." (Amended Complaint at ¶¶ 61-62).

These conclusory averments are devoid of the factual content required by Iqbal and its progeny. To assert that Defendants "implemented a scheme,"[2] without alleging which Defendants or representatives did so, when they did so, what the alleged "scheme" consisted of, what concrete actions were taken to enact the alleged "scheme," how either of the named plaintiffs learned about this scheme, and which Loan Officers were affected by the alleged scheme, tells Defendants almost nothing as to the basis for the claim. Moreover, the assertion that unspecified "managers and supervisors" were instructed (by persons unnamed) to "prevent,

---

[2] It is worth considering the absurdity of plaintiffs' claim: Plaintiffs acknowledge that Meridian implemented a company-wide policy requiring Loan Officers to accurately record all time worked, but they allege that Meridian immediately implemented a second policy encouraging Loan Officers to ignore the former policy. While the Court must accept well-pleaded facts as true for the purpose of a Rule 12(b)(6) motion, it need not accept factually unsupported and illogical allegations such as this. See H.J. by Wells v. Delaplaine McDaniel School, No. 17-3229, 2017 WL 5901096, at *5 (E.D.Pa., Nov. 30, 2017) (rejecting as "imaginative, but unavailing" the plaintiff's contention that her school had a policy to maintain order by allowing students to bully the plaintiff so as to deflect the students' aggression from school officials, since "[m]aking such unsubstantiated accusations cannot satisfy the requirement that H.J. plead facts in support of the complaint to make it past a motion to dismiss.").

5

discourage or intimidate" Loan Officers (again unspecified) leaves the door open to an indeterminate range of possible of misconduct.

Equally problematic, the Amended Complaint does not assert that any named plaintiff (or putative class member) worked more than 40 hours in a workweek but was not paid an overtime rate for that work. The Amended Complaint merely asserts that, in connection with an alleged unidentified "scheme, "the FLSA Collective members did not accurately report all of their actual work hours." (Amended Complaint at ¶ 62). Conspicuously absent from the Amended Complaint is any averment that, as a result of the unidentified "scheme" any plaintiff worked more than 40 hours in a work week but was not properly compensated for that time. In other words, even construing these allegations in Plaintiffs' favor, Plaintiffs do not allege that during the post-June 2015 time period they worked "forty hours of work in a given workweek as well as some uncompensated time in excess of the forty hours" and were not compensated for that time, as Davis requires. 765 F.3d at 241. *See Ford-Greene v. NHS, Inc.*, 106 F.Supp.3d 590, 610-11 (E.D.Pa. 2015) (granting motion to dismiss where plaintiff alleged that her employer "required her to work off the clock" in excess of 40-hour workweeks because "Plaintiff has not alleged that she worked extra 'off the clock' hours in a particular week where she had already worked forty hours prior to undertaking 'off the clock' work.").

Mell v. GNC Corporation, No. 10-945, 2010 WL 4668966 (W.D.Pa., Nov. 9, 2010), is analogous to the instant case. In Mell, the named plaintiffs filed a complaint alleging that they and putative class members were misclassified as exempt from the FLSA's overtime provisions. Id. at *1. After the complaint was dismissed the plaintiffs filed an amended complaint alleging that the employer had "a policy or practice . . . of requiring or suffering Plaintiffs and such workers to work through lunch while off the clock, and to work additional

6

hours or shifts while off the clock, all as part of a pervasive system to control overtime expense."

Id. at *2. The court granted the defendant's motion to dismiss the amended complaint. It held:

> [W]e cannot even infer from the Amended Complaint that there was a mere possibility of misconduct unless we accept as 'fact' that Defendants had a policy or practice of requiring their employees to work 'off the clock' or what the work consisted of, how the policy was imposed, approximately how many hours each week they worked without being paid, and whether either Plaintiff of any other GNC employee complained to a supervisor bout the practice and, if so, what GNC's response was.

Id. at *7 (internal quotations omitted). Likewise, the court held: "Plaintiffs have alleged that Defendants adopted 'a pervasive system to control overtime expense' by 'requiring or suffering' its employees to work off the clock, but they fail to provide any details about this 'system.'" Id. at *8. As the Court explained: "Plaintiffs' unsupported claims of a pervasive system to control overtime expense to be exactly the type of conclusory allegation rejected by the Twombly Court." Id. The court also held that the amended complaint was deficient because it did not set forth an approximation of the overtime hours plaintiffs alleged they worked. It held: "[A]lthough Plaintiffs allege that they are unable to state 'with specificity' the number of uncompensated hours they worked, they do not offer an approximation of such hours [which is] a critical component of a complaint alleging violations of [the overtime provisions in the FLSA] . . . ." Id. (quotation and citations omitted).

Here, like the amended complaint in Mell, Count II was added after the initial complaint alleged no "off-the-clock" allegations and it contains no factual allegations supporting the alleged "scheme" to discourage Loan Officers from accurately reporting their time. Also like the amended complaint in Mell, Count II fails to allege any work week in which any plaintiff worked more than 40 hours and required overtime was not paid. Defendants should not be

SL1 1526029v1 107851.00012

required to respond to such "threadbare recitals," and the Court should dismiss Count II of the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

        C.     <u>Plaintiffs Should Not Be Given Further Leave To Amend Their Complaint.</u>

When a complaint is subject to dismissal under Rule 12(b)(6), a district court need not permit amendment thereto if such amendment would be "inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008). The Third Circuit has held that leave to amend is properly denied under this rule when a plaintiff has been given multiple chances to state a claim but has failed to do so. *See South Jersey Gas Co. v. Mueller Co., Ltd.*, No. 12–1547, 2013 WL 870339, at *2, n. 1 (3d Cir., Mar. 11, 2013) ("A district court has the discretion to deny a plaintiff further leave to amend when the plaintiff is put on notice as to the deficiencies in its proposed complaint, but fails to resolve them."); *Wadhwa v. Secretary, Dept. of Veterans Affairs*, No. 12–2723, 2012 WL 5974233, at *5 (3d Cir., Nov. 30, 2012) ("[G]iven the multiple times the District Court allowed Wadhwa leave to amend his complaint, we do not see how any further amendment to Wadhwa's complaint would save his claim.") (citing *Phillips*); *Krantz v. Prudential Invs.*, 305 F.3d 140, 144 (3d Cir.2002) ("A District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them.").

Under the authority cited above, the Court has discretion to deny leave to amend when, as here, plaintiffs have already amended their complaint but failed to state claims upon which relief may be granted. Plaintiffs have merely added a new claim without adding any substantive facts to support it. If there were facts to support their "off-the-clock" claim, one would have expected Plaintiffs to provide those facts in their first two pleadings. They did not do so. Thus, it would be inequitable to give Plaintiffs a third chance to state a claim, further delaying resolution of the remainder of the claims.

Dated: June 8, 2018                              STEVENS & LEE

                                               By: /s/ *Brad M. Kushner*
                                                   Kenneth D. Kleinman
                                                   kdk@stevenslee.com
                                                   Brad M. Kushner
                                                   bmk@stevenslee.com
                                                   1818 Market Street
                                                   29th Floor
                                                   Philadelphia, Pennsylvania  19103
                                                   (215) 751-1946

                                                   *Attorneys for Defendants*

SL1 1526029v1 107851.00012

## **CERTIFICATE OF SERVICE**

I, Brad M. Kushner, certify that on this 8th day of June, 2018, I caused the foregoing Motion and Brief in Support of Partial Motion to Dismiss or, in the Alternative, for a More Definite Statement, to be served, via electronic mail, on the following:

> Jon Tostrud, Esq.
> Erik Langeland, Esq.
> David Cohen, Esq.
> James Zouras, Esq.

> /s/ *Brad M. Kushner*
> BRAD M. KUSHNER