IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUAN JORDAN and CHERI UHRINEK individually, and on behalf of all others similarly situated | : : : : | CIVIL ACTION |
| v. | : : | |
| MERIDIAN BANK, THOMAS CAMPBELL and CHRISTOPHER ANNAS | : : : | NO. 17-5251 |

## MEMORANDUM

**Padova, J.**  November 19, 2018

Before the Court is Defendants' "Partial Motion to Dismiss Plaintiffs' Amended Complaint" (Docket No. 31). Defendants ask that we dismiss Count II of the Amended Collective/Class Action Complaint (the "Complaint") for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, we deny the Motion.

## I. BACKGROUND

The Complaint alleges that Plaintiffs were employed by Defendants as inside sales loan officers ("Loan Officers") selling residential mortgage loans during the relevant period. (Compl. ¶¶ 9-10.) Defendants are Meridian Bank; Thomas Campbell, the Bank's Vice President of Residential Lending; and Christopher Annas, President of the Bank. (Id. ¶¶ 11-13.) In order to satisfy Defendants' productivity requirements, Plaintiffs arrived early for work, stayed late, and performed work-related tasks on weekends, routinely working over forty hours per week. (Id. ¶ 17.) Prior to June 30, 2015, Defendants classified Plaintiffs as exempt from federal and state overtime requirements and paid them on a commission-only basis. (Id. ¶¶ 9-10.) After June 30, 2015, Defendants changed Plaintiffs' classification to make them hourly employees. (Id.)

However, after June 30, 3015, Defendants discouraged Plaintiffs from reporting all of the hours they worked, so that they were denied overtime pay that they were entitled to in most of the weeks they worked. (Id.)

The Complaint asserts claims pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* (the "FLSA"), the New Jersey Wage and Hour Law, N.J.S.A. § 34:11-56a *et seq.*, and the Pennsylvania Minimum Wage Act of 1968, 43 Pa. Stat. Ann. § 333.101 *et seq*. Plaintiffs seek to bring their FLSA claims as a collective action pursuant to 29 U.S.C. 216(b) for themselves and two FLSA collectives (the "Collectives"), the first made up of "individuals who worked as . . . Loan Officers for Defendants at any time from the start of the maximum limitations period to June 30, 2015, were classified as exempt employees and worked weeks in which they did not earn either required minimum or overtime wages" and the second made up of "individuals who worked as . . . Loan Officers for Defendants at any time since June 30, 2015 and were not paid overtime wages owed for all time worked in excess of 40 [hours] in given workweeks." (Compl. ¶ 21.) Defendants move to dismiss Count II, which asserts a claim for violation of the FLSA on behalf of Plaintiffs and members of the unpaid overtime Collective who were denied overtime wages owed since June 30, 2015.

## II. LEGAL STANDARD

When considering a motion to dismiss pursuant to Rule 12(b)(6), we "consider only the complaint, exhibits attached to the complaint, [and] matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)). We take the factual allegations of the complaint as true and "view[] them in the light most favorable to the plaintiff." DelRio-Mocci v.

Connolly Props. Inc., 672 F.3d 241, 245 (3d Cir. 2012) (citing Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011)). Legal conclusions, however, receive no deference, as the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" Wood v. Moss, 572 U.S. 744, 755 n.5 (2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

A plaintiff's pleading obligation is to set forth "a short and plain statement of the claim," which gives "'the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Fed. R. Civ. P. 8(a)(2); and Conley v. Gibson, 355 U.S. 41, 47 (1957)). The complaint must contain "'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to draw the reasonable inference that the defendant is liable for [the] misconduct alleged.'" Warren Gen. Hosp., 643 F.3d at 84 (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). "A complaint that pleads facts 'merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief.'" Connelly v. Lane Constr. Corp., 809 F.3d 780, 786 (3d Cir. 2016) (alteration in original) (quoting Iqbal, 556 U.S. at 678). In the end, we will grant a motion to dismiss brought pursuant to Rule 12(b)(6) if the factual allegations in the complaint are not sufficient "'to raise a right to relief above the speculative level.'" W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank, 712 F.3d 165, 169 (3d Cir. 2013) (quoting Twombly, 550 U.S. at 555).

### III. DISCUSSION

The FLSA provides that "no employer shall employ any of his employees who in any workweek is engaged in commerce . . . for a workweek longer than forty hours unless such

3

employee receives compensation for his employment in excess of [40 hours] at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). Count II alleges that Defendants violated this overtime provision of the FLSA by implementing a scheme through which managers and supervisors were instructed to prevent or discourage Loan Officers from entering overtime hours into Defendant's timekeeping system and that, pursuant to this scheme, Defendants failed to pay Plaintiffs at an overtime premium rate for overtime hours they actually worked. Compl. ¶¶ 61-65.) Defendants argue that Count II fails to state a claim upon which relief may be granted because the Complaint fails to allege the details of the scheme by which Defendants are alleged to have prevented Loan Officers from entering their overtime hours into Defendants' timekeeping system and because the Complaint does not allege that any named Plaintiff worked more than 40 hours in a specific single workweek but was not paid at an overtime rate for the overtime hours he or she actually worked during that specific week.

"To state a *prima facie* claim for an FLSA overtime violation, a plaintiff must allege that: (1) the plaintiff was an 'employee,' as defined by the FLSA; (2) the defendant was 'engaged in commerce,' as defined by the FLSA; and (3) the plaintiff was not paid overtime compensation for hours worked in excess of forty in a given week. Razak v. Uber Techs., Inc., Civ. A. No. 16-573, 2016 WL 7241795, at *4 (E.D. Pa. Dec. 14, 2016) (citing 29 U.S.C. § 216(b); and Mell v. GNC Corp., Civ. A. No. 10-945, 2010 WL 4668966, at *5 (W.D. Pa. Nov. 9, 2010)). "Employee" is defined by the FLSA as "any individual employed by an employer," with the exception of certain individuals who (1) are employed by public agencies, (2) are employed by an employer engaged in agriculture, and (3) "volunteer to perform services for a public agency." 29 U.S.C. § 203(e). Commerce is defined by the FLSA as "trade, commerce . . . among the several States or between any State and any place outside thereof." Id. § 203(b).

The Complaint alleges Defendants reclassified their Loan Officers as hourly employees around June 30, 2015. (Compl. ¶ 59.) Defendants were aware, at the time they reclassified their Loan Officers, that the Loan Officers "routinely worked more than 40 hours per week to meet Defendants' productivity requirements." (Id. ¶ 60.) Defendants were also aware that their labor costs would increase significantly if they had to start paying Plaintiffs and members of the FLSA Collectives at a premium overtime rate for all hours worked in excess of 40 in any particular week. (Id.) Consequently, in order "[t]o minimize their labor costs, Defendants implemented a scheme by which managers and supervisors were instructed to prevent, discourage, or intimidate Loan Officers from entering their overtime hours in Defendants timekeeping system." (Id. ¶ 61.) This resulted in the failure of Plaintiffs and the members of the FLSA collectives to accurately report all of their work hours and the failure of Defendants to pay Plaintiffs and the members of the FLSA collectives at a premium overtime rate for all of the overtime hours that they worked. (Id. ¶ 62.)

Defendants argue that Count II should be dismissed because the Complaint fails to allege which Defendants implemented the scheme, what the scheme consisted of, what concrete actions Defendants took to enact the scheme, how the Plaintiffs discovered the scheme, and which Loan Officers were affected by the scheme. Defendants, however, have pointed to no authority for the proposition that such detail is necessary to state a facially plausible claim for an FLSA overtime violation. Since allegations of a "scheme" are not necessary to state a *prima facie* claim for an FLSA overtime violation, see Razak, 2016 WL 7241795, at *4, we conclude that Plaintiffs' failure

5

to include such detail in the Complaint does not necessitate the dismissal of Count II.[1] Accordingly, we deny the Partial Motion to Dismiss as to this argument.[2]

Defendants also argue that Count II should be dismissed because the Complaint does not allege that either of the named Plaintiffs worked more than 40 hours in one specific workweek but was not paid an overtime premium rate for the hours he or she worked in excess of 40 in that specific week. Defendants rely on Davis v. Abington Memorial Hospital, 765 F.3d 236 (3d Cir. 2014), in which the United States Court of Appeals for the Third Circuit concluded that "'in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege [forty] hours of work in a *given* workweek *as well* as some uncompensated time in excess of the [forty] hours." Id. at 242 (alterations in original) (quoting Lundy v. Catholic Health Sys. of Long Island Inc., 711 F.3d 106, 114 (2d Cir. 2013)). The Third Circuit affirmed the District Court's dismissal of the plaintiffs' FLSA overtime claims in Davis because "[n]one of the named plaintiffs has alleged a single workweek in which he or she worked at least forty hours and also worked uncompensated time in

---

[1] We also note that the Complaint describes who implemented the scheme, namely Defendants; what the scheme consisted of, which was instructing managers and supervisors to prevent Loan Officers from entering overtime hours into Meridian Bank's timekeeping system; the concrete actions taken by Defendants, specifically instructing managers and supervisors to prevent Loan Officers from entering overtime hours into the timekeeping system; and which Loan Offices were affected by the scheme, namely members of the FLSA unpaid overtime Collective who were not paid an overtime premium rate for hours worked in excess of 40 in one week. (See Complaint ¶¶ 59-62.)

[2] Defendants urge us to grant this aspect of their Partial Motion to Dismiss as uncontested because Plaintiffs did not specifically respond to this argument. Pursuant to Eastern District of Pennsylvania Local Rule 7.1(c), we have the discretion to grant a portion of a motion as unopposed if a party fails to response to that portion of a motion. See Bridges v. Astrue, Civ. A. No. 12-2316, 2014 WL 1281158, at *14 (E.D. Pa. Mar. 28, 2014) (stating that "[t]his court has held that '[f]ailure to address even part of a motion in a responsive brief may result in that aspect of the motion being treated as unopposed.'" (second alteration in original) (quoting Nelson v. DeVry, Inc., 2009 WL 1213640, at *10 (E.D. Pa. April 23, 2009))). Nevertheless, because we conclude that the details of the alleged scheme are not necessary to state a facially plausible FLSA overtime violation, we decline to exercise our discretion to grant the Partial Motion to Dismiss on this basis.

excess of forty hours." Id. at 243.  However, the Davis court did "not hold that a plaintiff must identify the exact dates and times that she worked overtime."  Id.  Rather, the Third Circuit stated that allegations that a plaintiff "'typically' worked forty hours per week, worked extra hours during such a forty-hour week, and was not compensated for extra hours beyond forty hours he or she worked during one or more of *those* forty-hour weeks, would suffice" to state a plausible claim for an FLSA overtime violation.  Id.

Here, the Complaint alleges that Plaintiff Jordan routinely worked more than 40 hours per week in order to meet Defendants' productivity requirements, and that Defendants discouraged or prevented him from reporting all of his hours worked so that Defendant's practices had the effect of denying him overtime wages in most weeks that he worked.  (Compl. ¶ 9.)  The Complaint further alleges that Plaintiff Uhrinek routinely worked more than 40 hours per week in order to meet Defendants' productivity requirements, and that Defendants discouraged or prevented her from reporting all of her hours worked so that Defendant's practices had the effect of denying her overtime wages in most weeks that she worked.  (Id. ¶ 10.)  We conclude that the Complaint satisfies the pleading requirements of Davis by alleging that the named Plaintiffs routinely worked more than 40 hours per week but were mostly not paid at an overtime premium rate for hours worked in excess of 40 hours in one week.  See Davis, 765 F.3d at 243; see also Field v. DIRECTV LLC, Civ. A. No. 14-4427, 2015 WL 13620424, at *2 (E.D. Pa. Aug. 21, 2015) (concluding that plaintiffs pled a plausible claim for an FLSA overtime violation where the complaint alleged "that they worked more than forty hours virtually *every* week" (citing Davis, 765 F.3d at 243)). Consequently, we deny the Partial Motion to Dismiss as to this argument.

## IV. CONCLUSION

For the reasons stated above, we deny Defendants' Partial Motion to Dismiss in its entirety. An appropriate order follows.

BY THE COURT:

/s/ John R. Padova
_____
John R. Padova, J.